LAW OFFICES OF
# ERIC DINNOCENZO

469 Seventh Avenue
Suite 1215
New York, NY 10018

Telephone: (212) 933-1675
Fax: (212) 249-5624
E-mail: eric@dinnocenzolaw.com
Website: www.dinnocenzolaw.com

New Jersey (By Appt. Only)
1199 Route 22 East
Mountainside, NJ 07092

June 28, 2018

Hon. Steven Tiscione
U.S. District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   N.E. Life Ins. Co. v. Davi et. al.
      Case No.: 17-cv-7373 (DLI)(ST)

Dear Judge Tiscione:

I represent defendant Valerie Davi in this interpleader action involving approximately $750,000 in death benefits for two life insurance policies. I am filing this letter motion to request that this Court set aside the entry of default against Ms. Davi and permit her to file an answer. The plaintiff has consented to this request, and Ms. Davi is the rightful beneficiary of both policies as she was appointed such in a 2015 divorce agreement.[1]

On or about June 4, 2018, the Clerk made an entry of default against Ms. Davi. Pursuant to F.R.C.P. 55(c), a defendant may move to set aside the entry of default for "good cause." This is a more lenient standard compared to seeking relief under Rule 60(b) after a final judgment of default has been entered. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). In determining whether good cause exists to set aside an entry of default, courts consider three factors: (1) the willfulness of the default; (2) whether there is a meritorious defense; and (3) any prejudice that the plaintiff will suffer should relief be granted. *See Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). Further, "other relevant equitable factors may also be considered, for instance … whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well established that default judgments are disfavored" and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174 (citation omitted). Thus, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (citation omitted).

---

[1] In separate correspondence, I have requested a settlement conference to see if this action might be resolved prior to addressing plaintiff's motion to appoint a *guardian ad litem* for the minor child, J.E.W.

Each of the three factors identified above warrant that the entry of default be set aside. Regarding the first factor, the default was not willful because Ms. Davi retained an attorney, Lloyd Thompson, who signed a Waiver of Service form that was filed with the Court on February 28, 2018. (D.E. 8). The attorney subsequently failed to file an answer, and Ms. Davi only discovered in June 2018 that he was derelict in his representation of her, when plaintiff served her a copy of the entry of default. Beforehand, she had placed a number of phone calls and emails to Mr. Thompson to which he failed to respond. When he did respond to her, he caused her to believe that he was diligently handling her case. On April 12, 2018, he emailed Ms. Davi that, "Your matter is presently in Federal Court and we are waiting to be assigned a court date." Nevertheless, even though Mr. Thompson indicated that he was waiting for the court to act, Ms. Davi sought to be updated on her case. On May 23, 2018, she emailed him that, "I have sent 4 emails called two times. Can you please respond to my concerns. I'm totally confused to what is going on." Mr. Thompson's staff responded that he was out of the office for the week. On May 31, 2018, Ms. Davi emailed him that, "I have sent several emails called several times Can you please tell me what is going on with surrogate court and the interpleader. Also the emails that I sent could you please answer those questions as well I not permitted to take calls at work so if you could please respond via email." Mr. Thompson stated in a responsive email that he would be "preparing an answer to be filed with the court, hopefully next week." (The emails and an affidavit from Ms. Davi are annexed as Exhibit A). He never did this, nor did Ms. Davi have reason to believe that she was in default.

In June 2018, after learning of the entry of default, Ms. Davi promptly retained a new attorney who immediately contacted the plaintiff's attorney and on June 17, 2018 filed a Notice of Appearance. Ms. Davi could not have acted more assiduously under the circumstances, and she should not be faulted for her prior attorney's inaction.

In *Church & Dwight Co. v. Kaloti Enterprises of Michigan*, 07-612 (BMC), 2011 U.S. Dist. LEXIS 110955 (E.D.N.Y. Sept. 28, 2011), the District Court vacated a default judgment under the more stringent Rule 60(b) analysis where an attorney failed to oppose a motion for default judgment and was derelict in other ways. In that case, the defendant repeatedly called her attorney, however, their last meeting was in the Spring of 2009, over two years before she discovered in June 2011 that post-default her assets were frozen. The District Court, in vacating the default, observed that "an attorney's willfulness should not necessarily be imputed to his client" and noted that the defendant did make a series of phone calls to the attorney that were deflected. *See also Murphy v. Snyder*, 10-1513 (JS)(AKT), 2013 U.S. Dist. LEXIS 32997 (E.D.N.Y. Mar. 8, 2013). The willfulness of that default was in comparison much greater than here, since only three months passed in which Mr. Thompson failed to file an answer while Ms. Davi was regularly following up with him via phone calls and email.

As concerns the second factor, Ms. Davi has a meritorious defense to this action. She was initially named as the beneficiary for both life insurance policies. When she divorced the insured, the 2015 divorce agreement ordered she must be kept as the beneficiary of the policies. (Exhibit B). Afterward, on or about June 5, 2016, a beneficiary change form was submitted that was not signed by the insured, but instead by his mother, Rosemary Wilkinson, purportedly acting as Power of Attorney (though no legal document that grants her that authority has been

produced thus far in this action). The New York State Court of Appeals has held that a divorce decree that orders a divorced individual to maintain a former spouse as the beneficiary of a life insurance policy must be honored, and that any subsequent change of beneficiary is invalid. *See Simonds v. Simonds*, 45 N.Y.2d 233 (1978). Accordingly, Ms. Davi is indisputably the proper and lawful recipient of the insurance proceeds. Moreover, it is our belief that the beneficiary change was made after the insured was in a physical altercation that caused bleeding in the brain, and while he was still in the hospital. At the time, he was not mentally competent. It has also not been shown that Rosemary Wilkinson was his legal power of attorney when she made the change.

If a default judgment is entered against Ms. Davi, it will be a harsh and unfair result that will have the effect of violating a valid divorce agreement issued by a New York Court. Further, Ms. Davi and her son will suffer great hardship, because the divorce agreement intended for the life insurance death benefits to support them upon the death of the insured. (Ex. A).

With respect to the third factor, there will be no prejudice to plaintiff if the entry of default is set aside. The plaintiff has signed a Consent Order agreeing to set it aside and allow Ms. Davi to serve an answer. (Exhibit C). The plaintiff only has an interest in depositing the life insurance proceeds with the Court and being dismissed from the action. It will not be affected one way or the other by the timing of when Ms. Davi serves an answer. Further, the other defendants answered late in May 2018 with letters that do not comply with the formal pleading requirements of F.R.C.P. 10(b), and so in comparison, there can be no prejudice from Ms. Davi serving an answer at this time.

Ms. Davi's proposed Answer and Cross-Claims are annexed hereto as Exhibit D.

In conclusion, Ms. Davi respectfully requests an order that this Court set aside the entry of default, allow her to file and serve her proposed Answer, and schedule an Initial Conference.

    Respectfully,

    *s/Eric Dinnocenzo*

    Eric Dinnocenzo (ED 3430)

cc:     Aimee Creed, Esq. (via ECF)

    Terriann Wilkinson (by regular mail)

    Michelle Cichillo (by regular mail)